Jonathan W. Fountain, Esq.
Nevada Bar No. 10351
Joanna M. Myers
Nevada Bar No. 12048
Caleb L. Green, Esq.
Nevada Bar No. 15234
HOWARD & HOWARD ATTORNEYS PLLC
3800 Howard Hughes Parkway, Suite 1000
Las Vegas, Nevada 89169
Telephone: (702) 257-1483
Email: jwf@h2law.com
Email: jmm@h2law.com
Email: clg@h2law.com

*Attorneys for Defendant/Counterclaimant*
*Northern Terrace Homeowners Association*

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| BEN PEPA, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>NORTHERN TERRACE HOMEOWNERS ASSOCIATION, a Nevada non-profit corporation,<br><br>Defendant.<br><br>AND ALL OTHER CLAIMS. | Case No.: 2:25-cv-02083-JCM-EJY<br><br>**STIPULATION AND ~~[PROPOSED]~~ ORDER TO EXTEND CASE MANAGEMENT DEADLINES**<br><br>**(First Request)** |

Plaintiff/Counterdefendant Ben Pepa ("Pepa") and Defendant/Counterclaimant Northern Terrace Homeowners Association ("NTHOA") (collectively, the "Parties"), through their respective counsel, hereby agree and stipulate to extend the existing case management deadlines by sixty (60) days pursuant to LR IA 6-1 and LR 26-3.

**1.      A Statement Specifying the Discovery Completed.**

a.      <u>Initial Disclosures</u>.   The parties conducted their Rule 26(f) discovery planning conference on February 13, 2026 and a discovery plan and scheduling order was entered on February 25, 2026 (ECF No. 18).  On March 16, 2026, Pepa served his Rule 26(a)(1)(A) initial

- 1 -

4901-2862-5582, v. 2

HOWARD & HOWARD ATTORNEYS PLLC

disclosures.  On that same date, NTHOA served its Rule 26(a)(1)(A) initial disclosures, along with documents labelled NTHOA 000001-000689.

b.    Written Discovery.  On April 11, 2026, NTHOA served Pepa with its first interrogatories, first requests for the production of documents, and first requests for admissions. On May 8, 2026, Pepa's counsel requested, and NTHOA's counsel granted, a two-week extension of time for Pepa to serve written objections and responses to NTHOA's interrogatories, requests for production, and requests for admissions, from May 11, 2026 to May 26, 2026.  To date, Pepa has not served any interrogatories, requests for the production of documents, or requests for admissions.

c.    Third Party Discovery.  Beginning on April 23, 2026, NTHOA has served or is in the process of serving document subpoenas on third parties Robert Starkey, Randy Stout, Beverly Partin-Gillett a/k/a Beverly Lynn Partin, and Meritage Homes.  On May 6, 2026, Pepa's counsel appeared on behalf of Mr. Stout and objected to the subpoena served on Mr. Stout. NTHOA's counsel responded to those objections on May 18, 2026.  To date, Pepa has not yet noticed an intent to serve and has not served any subpoenas on any third party witnesses.

d.    Deposition Discovery.  To date, neither party has noticed a deposition.

**2.    A Specific Description of the Discovery that Remains to be Completed.**  The following discovery remains to be completed:

a.    Pepa.    Pepa is in the process of preparing his Responses and Objections to NTHOA's first set of interrogatories, requests for production of documents, and requests for admission. Pepa may also need to address any follow-up discovery or address any objections raised by NTHOA related thereto. Pepa is also in the process of preparing and serving his own set of written discovery requests, for which additional time is required for NTHOA to respond, and for Pepa to adequately review. Pepa may also need to raise his own deficiency issues related to these requests. Pepa also intends to conduct fact witness depositions of the current NTHOA board members, as well as any experts retained in this matter, and any other relevant witnesses identified during the course of discovery. Plaintiff's counsel have also been retained to represent third party witness and subpoena recipient, Randy Stout. The parties are currently

- 2 -

4901-2862-5582, v. 2

engaged in discussions related to Mr. Stout's objections to NTHOA's third party subpoena, and require additional time to address these concerns.

b. <u>NTHOA</u>. NTHOA still needs to receive and review Pepa's answers to NTHOA's interrogatories, responses to NTHOA's requests for the production of documents, responses to NTHOA's requests for admissions, and any documents produced by Pepa. NTHOA may also wish to conduct follow-up written discovery based on the responses and documents produced by Pepa. NTHOA is in the process of retaining expert witness(es) for potential retention and the preparation of expert reports on issues of damages and liability. Any retained expert will need to review Pepa's discovery responses and documents that bear upon these issues in order to prepare their report(s). NTHOA intends to follow-up on the subpoenas it has served to ensure that it obtains the requested documents. Further, NTHOA intends to conduct deposition discovery, including by taking the depositions of Mr. Pepa as well as any expert witnesses retained by Mr. Pepa, and other witnesses as discovery progresses.

**3.    The Reasons Why the Deadline Was Not Satisfied or the Remaining Discovery Was Not Completed Within the Time Limits Set by the Discovery Plan.**

The Parties are presently unable to meet the Court's June 13, 2026, initial expert disclosure deadline because they are still in the process of exchanging initial rounds of written discovery requests, and are also working to resolve several disputes related to third party subpoenas issued by NTHOA. Due to the high volume of discovery requests issued by NTHOA, Pepa requested and was granted a brief two-week extension to adequately respond to NTHOA's initial round of written discovery requests. Pepa will be serving its responses and objections to these requests on or by May 25, 2026.

The information and documents requested by NTHOA are essential to NTHOA's damages analysis and preparation of its anticipated expert report(s) on the issues of damages and liability. NTHOA is also presently unable to meet the Court's June 13, 2026, initial expert disclosure deadline because, although it has interviewed one expert witness to date, it is still in the process of interviewing and retaining expert witnesses. In addition, NTHOA is presently unable to meet the Court's June 13, 2026, initial expert disclosure deadline because it has encountered substantial

4901-2862-5582, v. 2

HOWARD & HOWARD ATTORNEYS PLLC

difficulty obtaining documents via subpoena from third party witnesses Beverly Partin-Gillett a/k/a Beverly Lynn Partin, Robert Starkey, and Randy Stout. NTHOA has attempted to serve a subpoena on Ms. Beverly Partin-Gillett on six (6) occasions, to no avail. It attempted to serve a subpoena on Mr. Starkey on at least seven (7) occasions, including one instance where he was verbally aggressive with the process server and refused to accept the subpoena. NTHOA continues to attempt service of its subpoena on Mr. Starkey. He is also believed to possess documents related to NTHOA's damages calculation. NTHOA successfully served a subpoena on Randy Stout. However, Mr. Stout has objected to the subpoena in its entirety. A meet-and-confer regarding Mr. Stout's objections to the subpoena is scheduled for this Friday, May 22, 2026.

    **4.    A Proposed Schedule for Completing All Remaining Discovery.**

        a.    Amending the Pleadings and Adding Parties: **Closed**

        b.    Initial Expert Disclosures: **August 12, 2026**[1]

        c.    Rebuttal Expert Disclosures: **September 11, 2026**

        d.    Discovery Cutoff: **October 11, 2026**

        e.    Dispositive Motions: **November 10, 2026**

        f.    Joint Pretrial Order: If one or more dispositive motions have been filed, the date for filing the Joint Pretrial Order shall be sixty (60) days after entry of the Court's order resolving the last pending dispositive motion; otherwise, the deadline shall be 30 days after the dispositive-motion deadline (*i.e.*, **December 10, 2026**).

        g.    Pretrial Disclosures: Pursuant to LR 26-1(b)(6), the disclosures required by Fed. R. Civ. P. 26(a)(3)—and any objections thereto—will be included in the joint pretrial order.

    **5.    Survival of Prior Scheduling Order's Provisions.** The parties agree that all provisions of the Court's February 25, 2026 Scheduling Order (ECF No. 18), except for the now-

---

[1] To the extent any date or deadline set forth herein falls on a Saturday, Sunday, or legal holiday, pursuant to Rule 6(a)(1)(C) of the Federal Rules of Civil Procedure, the period shall continue to run until the end of the next day that is not a Saturday, Sunday, or federal holiday.

4901-2862-5582, v. 2

superseded deadlines set forth therein, shall remain in full force and effect.

**IT IS SO AGREED AND STIPULATED:**

HOWARD & HOWARD ATTORNEYS PLLC    DICKINSON WRIGHT PLLC

By: /s/ Jonathan W. Fountain    By: /s/ John L. Krieger
Jonathan W. Fountain, Esq.    John L. Krieger, Esq.
Joanna M. Myers, Esq.    Jordan M. Marchello, Esq.
Caleb L. Green, Esq.    3883 Howard Hughes Parkway
3800 Howard Hughes Parkway, Suite 1000    Suite 800
Las Vegas, Nevada 89169    Las Vegas, Nevada 89169

*Attorneys for Defendant/Counterclaimant*    *Attorneys for Plaintiff/Counterdefendant*
*Northern Terrace Homeowners Association*    *Ben Pepa*

**IT IS SO ORDERED:**

_____
UNITED STATES MAGISTRATE JUDGE

DATED: _____May 21, 2026_____

- 5 -

4901-2862-5582, v. 2

HOWARD & HOWARD ATTORNEYS PLLC