UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

BEN PEPA,

    Plaintiff,

    v.

NORTHERN TERRACE HOMEOWNERS ASSOCIATION,

    Defendant.

Case No. 2:25-cv-02083-JCM-EJY

**ORDER**

Pending before the Court is Defendant/Counterclaimant Northern Terrace Homeowners Association's Motion for Alternative Service.[1] ECF No. 24. Defendant seeks permission to serve nonparty witnesses Robert Starkey and Beverly Partin-Gillet with subpoenas by (1) U.S. Mail, (2) electronic mail, (3) leaving a physical copy at their last known residential addresses, and (4) in the case of Mr. Starkey, his work address. *Id*. at 1-2. Defendant submits its Process Servers made numerous attempts to personally serve the nonparties to no avail.

Fed. R. Civ. P. 45(b)(1) provides in relevant part that "[s]erving a subpoena requires delivering a copy to the named person," which is widely interpreted to require personal service. *Fujikura Ltd. v. Finisar Corp.*, Case No. 15-mc-80110-HRL (JSC), 2015 WL 5782351, at *5 (N.D. Cal. Oct. 5, 2015) (collecting cases). Nonetheless, courts in the Ninth Circuit permit service by alternative means, such as mail, where the serving party provides evidence of earlier diligence to affect personal service. *Id*. (citing *Toni Brattin & Co. v. Mosaic Int'l, LLC*, Case No. 15-mc-80090-MEJ, 2015 WL 1844056, at *4 (N.D. Cal. Apr. 9, 2015)); *see also Westgate Lvh, LLC v. Trs. of Nevada Resoirt Ass'n*, Case No. 2:17-cv-01731-RFB-NJK, 2018 WL 11445543, at *1 (D. Nev. July 16, 2018). Service rules "are not designed to create an obstacle course for [serving parties] to navigate, or a cat-and-mouse game for [persons] who are otherwise subject to the court's

---

[1] Hereinafter "Defendant."

1

jurisdiction." *V5 Techs. v. Switch, Ltd.*, Case No. 2:17-cv-02349-KJD-NJK, 2019 WL 7489860, at *2 (D. Nev. Dec. 20, 2019) (brackets in original; internal citations and quotations omitted).

The Court finds Defendant demonstrates diligence in its attempts to personally serve Mr. Starkey and Ms. Partin-Gillet. The Process Servers made a total of seven attempts to serve Mr. Starkey at his work and residential addresses. ECF No. 24-2. During one attempt at Mr. Starkey's home address, his wife told the Process Server she would not accept service claiming Mr. Starkey would be available in the mornings. *Id.* When the Process Server returned twice more in the morning, no one was home and service was not effected. ECF No. 24-2 at 1. The Process Server also left a voicemail for Mr. Starkey and attempted service his place of work on three occasions. *Id.* at 3. During one of those attempts, an employee told the Process Server that Mr. Starkey was absent but would be present between 1-2 pm the following day. *Id.* When the Process Server returned at the proposed time, a different coworker said Mr. Starkey was vacationing out of state for over a week and "shrugged" when the Process Server confronted her about the conflicting information. *Id.* The Process Server concluded the coworkers were "not being honest" with her. *Id.*[2]

Regarding Ms. Partin-Gillet, the Process Server attempted personal service eleven times, on different dates and times, at two residential addresses in Henderson, Nevada. ECF No. 24-3 at 1. During one of these attempts at the Via Stretto Avenue address, an unidentified man answered the door, said Ms. Partin-Gillet was at the store, and claimed he did not know when she would return. *Id.* The Process Server states both residences appeared to be occupied because packages were moved and the Process Server's business cards were removed from where they were left after each service attempt. *Id.*

Given the totality of the information provided in the Process Servers' affidavits (ECF Nos. 24-2, 24-3), the Court finds Defendant was diligent in its efforts to personally serve Mr. Starkey and Ms. Partin-Gillet. The Court finds it appropriate for Defendant to proceed with service by (1) posting a physical copy of the subpoenas and this Order on the front doors of each residential addresses for

---

[2] Defendant says that on one of these occasions the Process Server located Mr. Starkey in person and when confronted with the subpoena, he refused to accept it. ECF No. 24 at 2. Unfortunately, nothing in the submitted affidavit by the Process Server supports Defendant's assertion. *See* ECF No. 24-2.

these nonparties, and (2) sending the same documents to their home addresses by Certified and First-Class U.S. mail.

The Court denies Defendant's request to deliver the subpoena to Mr. Starkey's work address by mail and posting the same on the work address door. There is ample evidence to conclude due process will be achieved through alternative service at his residential address. The Court finds the request to serve by email is insufficiently supported. Nothing before the Court demonstrating the email addresses proffered by Defendant are current or were ever used by the nonparty witnesses. Service by email is denied.

Accordingly, IT IS HEREBY ORDERED that Defendant's Motion for Alternative Service (ECF No. 24) is GRANTED as stated in this Order.

IT IS FURTHER ORDERED that:

- Defendant may effect service on Mr. Robert Starkey by (i) affixing a copy of the subpoena and this Order to his last known residential address, and (ii) sending the same by Certified and First-Class U.S. mail to this same address.

- Defendant may effect service on Ms. Beverly Partin-Gillet by (i) affixing a copy of the subpoena and this Order to each of her last known residential addresses identified in Defendant's Motion and appearing in the Process Server's Affidavit (ECF No. 24-3), and (ii) mailing these same documents to Ms. Partin-Gillet by Certified and First-Class U.S. Mail to each residential address.

IT IS FURTHER ORDERED that Defendant must file a Notice of Compliance with this Order no later than three Court days after completing service on the above identified third-parties.

Dated this 29th day of June, 2026.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

3