**DICKINSON WRIGHT PLLC**
John L. Krieger, Esq.
Nevada Bar No. 6023
Email: jkrieger@dickinsonwright.com
Jordan M. Marchello, Esq.
Nevada Bar No. 16926
Email: jmarchello@dickinsonwright.com
3883 Howard Hughes Parkway, Suite 800
Las Vegas, Nevada 89169-0965
Tel: 702-550-4400
Fax: 844-670-6009

*Attorneys for Plaintiff Ben Pepa*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| BEN PEPA, an individual,<br><br>Plaintiff,<br><br>v.<br><br>NORTHERN TERRACE HOMEOWNERS ASSOCIATION, a Nevada corporation,<br><br>Defendant. | Case No.: 2:25-cv-02083-JCM-EJY<br><br>**STIPULATION AND ~~[PROPOSED]~~ ORDER TO EXTEND CASE MANAGEMENT DEADLINES**<br><br>**(Second Request)** |
| AND ALL OTHER CLAIMS. | |

Plaintiff/Counterdefendant Ben Pepa ("Pepa") and Defendant/Counterclaimant Northern Terrace Homeowners Association ("NTHOA") (collectively, the "Parties"), through their respective counsel, hereby agree and stipulate to extend the existing case management as set forth below, pursuant to LR IA 6-1 and LR 26-3.

**1. A Statement Specifying the Discovery Completed.**

a. Initial Disclosures. The Parties conducted their Rule 26(f) discovery planning conference on February 13, 2026 and a discovery plan and scheduling order was entered on February 25, 2026 (ECF No. 18). On March 16, 2026, Pepa served his Rule 26(a)(1)(A) initial disclosures. On that same date, NTHOA served its Rule 26(a)(1)(A) initial disclosures, along with documents labeled NTHOA 000001-000689. NTHOA subsequently served its First, Second,



DICKINSON WRIGHT
ATTORNEYS AT LAW

Third, and Fourth Supplemental Rule 26 Disclosures, on May 28, 2026, July 8, 2026, August 12, 2026, and September 1, 2026, respectively. Pepa likewise served his First, Second, and Third Supplemental Rule 26 Disclosures on June 11, 2026, June 19, 2026, and June 29, 2026, respectively.

b. Written Discovery. On April 11, 2026, NTHOA served Pepa with its first interrogatories, first requests for the production of documents, and first requests for admissions, to which Pepa served responses and objections on May 25, 2026. NTHOA also served Pepa its second set of written discovery requests on May 29, 2026. Pepa served supplemental responses to NTHOA's first set of requests for production on June 19, 2026, and on June 29, 2026, served responses and objections to NTHOA's second set of written discovery requests.

Likewise, on June 1, 2026, Pepa served NTHOA with his first set of interrogatories, requests for production of documents, and requests for admissions. NTHOA served its responses and objections thereto on July 8, 2026.

c. Third-Party Discovery. Beginning on April 23, 2026, NTHOA noticed its intent to serve document subpoenas on third parties Robert Starkey, Randy Stout, Beverly Partin-Gillett a/k/a Beverly Lynn Partin, and Meritage Homes. On May 6, 2026, Pepa's counsel appeared on behalf of Mr. Stout and objected to the subpoena served on Mr. Stout. NTHOA's counsel responded to those objections on May 18, 2026, and the parties met and conferred on May 22, 2026 in an attempt to resolve their respective issues.

On May 15, 2026, NTHOA noticed its intent to serve a third-party document subpoena on Meritage Homes Corporation. NTHOA further noticed its intent to serve third party Complete Association Management Company, LLC ("CAMCO") with a subpoena *duces tecum* on May 28, 2026, and on June 23, 2026, served another notice of its intent to serve CAMCO with a second subpoena *duces tecum.*

On May 20, 2026, NTHOA re-noticed its third-party document subpoena directed towards Beverly Partin-Gillett, and on June 9, 2026, filed its Motions for Alternative Service upon both Ms. Gillett and Mr. Robert Starkey. (ECF 21-22, consolidated as ECF 24 pursuant to ECF 23). The Court granted NTHOA's motion on June 11, 2026, and NTHOA filed the respective



DICKINSON WRIGHT
ATTORNEYS AT LAW

certificates of service on July 9, 2026. (ECF 27-28). NTHOA filed a motion to compel Ms. Gillett to comply with its subpoena on September 1, 2026, but subsequently withdrew the motion on September 11, 2026. (ECF 31-32).

On August 13, 2026, Pepa noticed its intent to serve document subpoenas on third-parties James Klosty, Samuel Ever, Ped Palmer, Audrey Romero, Lori Spredeman, Jimmy Nevarez, Jenna Johnas, and Dave Longworth. On August 18, 2026, NTHOA's counsel appeared on behalf of James Klosty, Lori Spedeman, Audrey Romero, Ped Palmer, and Samual Ever with respect to the subpoenas *duces tecum*. NTHOA's counsel also appeared on behalf of Dave Longworth on August 19, 2026. NTHOA's counsel responded to the subpoenas on August 27, 2026.

On September 3, 2026, Pepa also noticed its intent to serve document subpoenas on third-parties Callie Newell, Emily Laucella, Breann Pierson, Sherry Klosty, Daniel Leroux, CAMCO, and FirstService Residential. On September 15, 2026, counsel for NTHOA appeared on behalf of Daniel Leroux, Callie Newell, Sherry Klosty, and Emily Laucella. NTHOA's counsel responded to the subpoenas on behalf of these individuals on September 15, 2026.

On September 10, 2026, NTHOA further noticed its intent to serve document subpoenas to third-parties Joseph Van Dyke, Kristin Huth, Chris Huth, Laura Chapman, Philip Chapman, Rachael Giovingo, and Christopher Giovingo.

d. <u>Expert Disclosures</u>. On August 12, 2026, NTHOA served its Rule 26(a)(2) expert disclosure identifying Doug Bania and Mary LaFrance. On September 11, 2026, Pepa served its Rule 26(a)(2) disclosure identifying rebuttal expert Chris Silver Smith.

e. <u>Deposition Discovery</u>. Both sides intend to take depositions. Pepa has indicated he would like to take the Rule 30(b)(6) deposition of NTHOA, along with depositions of Dave Longworth and James Klosty; NTHOA has indicated it would like to take Pepa's deposition. The parties have discussed scheduling for their respective depositions, but are holding off on scheduling until the discovery disputes can be resolved.

/ / /

/ / /

/ / /

DICKINSON WRIGHT
ATTORNEYS AT LAW

**2. A Specific Description of the Discovery that Remains to be Completed.**

The following discovery remains to be completed:

a. Pepa. Pepa is in the process of analyzing documentation recently produced by NTHOA on September 11, 2026, in response to deficiencies raised by Pepa in letters dated August 26, 2026, and September 7, 2026, respectively. Pepa still needs an opportunity to address any necessary follow-up discovery, in addition to NTHOA's remaining objections, and analyze whether a motion to compel discovery is warranted.

NTHOA also recently issued a letter to Pepa on September 10, 2026, alleging certain deficiencies in Plaintiff's document production and interrogatory responses. Pepa is currently in the process of analyzing NTHOA's claims and evaluating whether supplemental discovery responses or document productions are warranted, and time to respond accordingly.

Pepa also intends to conduct fact witness depositions of certain NTHOA board members, as well as NTHOA's experts, and any other relevant witnesses identified during the course of discovery. The Parties are currently engaged in discussions relating to the scheduling of these depositions.

Pepa is also waiting to receive pending responses to the third-party document subpoenas served upon Callie Newell, Emily Laucella, Breann Pierson, Sherry Klosty, Daniel Leroux, CAMCO, and FirstService Residential. The date of compliance for these subpoenas is September 17, 2026.

b. NTHOA. NTHOA is in the process of analyzing documents recently produced by third parties.

NTHOA issued a letter to Pepa on September 10, 2026, based on deficiencies in Pepa's document production and interrogatory responses. Counsel for the Parties need to meet and confer on the deficiencies identified therein, and depending on the outcome, NTHOA will need time to analyze Pepa's supplemental production in response to the same or to determine whether a motion to compel is warranted.

On September 10, 2026, NTHOA issued subpoenas to third parties Joseph Van Dyke, Kristin Huth, Chris Huth, Laura Chapman, Philip Chapman, Rachael Giovingo, and Christopher



DICKINSON WRIGHT
ATTORNEYS AT LAW

Giovingo. The date of compliance for these subpoenas is September 25, 2026.

NTHOA also intends to conduct depositions of Pepa, his expert witnesses, and other relevant witnesses that have been identified by the Parties. The Parties are currently engaged in discussions relating to the scheduling of these depositions.

**3. The Reasons Why the Deadline Was Not Satisfied or the Remaining Discovery Was Not Completed Within the Time Limits Set by the Discovery Plan.**

The Parties are presently unable to meet the Court's October 11, 2026, discovery cutoff deadline because they are still in the process of working to resolve several disputes related to the Parties' respective written discovery requests, in addition to third-party subpoenas issued by both Parties. As noted above, both Pepa and NTHOA have recently raised issues relating to the sufficiency of documents and responses served by the other Party. These issues arise in part from documents and information recently received in response to third-party subpoenas. While the Parties are actively working to address these issues, the Parties anticipate the time needed to fully resolve these disputes will adversely affect the Parties' abilities to adequately prepare for fact witness, as well as expert, depositions. The Parties thus propose extending the discovery cutoff deadline by sixty (60) days to fully address the alleged discovery deficiencies, and if needed, seek judicial intervention. The Parties further anticipate that the end of year holiday season will pose significant scheduling challenges for both parties as they prepare any necessary motions and/or dispositive motions following discovery, and thus propose extending the dispositive motion deadline to January 29, 2026, so as to accommodate the hectic holiday season.

**4. A Proposed Schedule for Completing All Remaining Discovery.**

a. Discovery Cutoff: **December 11, 2026**

b. Dispositive Motions: **January 29, 2027**

c. Joint Pretrial Order: If one or more dispositive motions have been filed, the date for filing the Joint Pretrial Order shall be sixty (60) days after entry of the Court's order resolving the last pending dispositive motion; otherwise, the deadline shall be 30 days after the dispositive-motion deadline (*i.e.*,

DICKINSON WRIGHT
ATTORNEYS AT LAW

**March 1, 2027**[1]).

d. Pretrial Disclosures: Pursuant to LR 26-1(b)(6), the disclosures required by Fed. R. Civ. P. 26(a)(3)—and any objections thereto—will be included in the joint pretrial order.

**5. Survival of Prior Scheduling Order's Provisions.**

The parties agree that all provisions of the Court's February 25, 2026 Scheduling Order (ECF No. 18), except for the now-superseded deadlines set forth therein, shall remain in full force and effect.

This request is brought for good cause and not for the purpose of delay.

**IT IS SO AGREED AND STIPULATED:**

DATED: September 16, 2026

**HOWARD & HOWARD ATTORNEYS PLLC**

By: */s/ Joanna M. Myers*
Jonathan W. Fountain, Esq.
Joanna M. Myers, Esq.
Caleb L. Green, Esq.
3800 Howard Hughes Parkway, Suite 1000
Las Vegas, Nevada 89169

*Attorneys for Defendant/Counterclaimant Northern Terrace Homeowners Association*

**DICKINSON WRIGHT PLLC**

By: */s/ John L. Krieger*
John L. Krieger, Esq.
Jordan M. Marchello, Esq.
3883 Howard Hughes Parkway, Suite 800
Las Vegas, Nevada 89169

*Attorneys for Plaintiff/Counterdefendant Ben Pepa*

**IT IS SO ORDERED:**

UNITED STATES MAGISTRATE JUDGE

DATED: September 16, 2026

[1] Adjusted to the nearest weekday, as 30 days from the dispositive motion deadline falls on a Sunday.



DICKINSON WRIGHT ATTORNEYS AT LAW